FILED
2005 Jan-25  AM 11:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, HPI ACQUISITIONS COMPANY, LLC, CROWN FIBER COMMUNICATIONS, INC., MARCUS CABLE ASSOCIATE LLC., <br><br> Plaintiffs, <br><br> v. <br><br> PROVIDENCE WASHINGTON INSURANCE COMPANY, <br><br> Defendant. | ] ] ] ] ] ] ] ] ] ] ] ] ] ] ] ] ]   CIVIL ACTION NO. 04-RRA-2662-S |

## MEMORANDUM OPINION

The complaint states that Sexton, as a subcontractor of Crown, agreed to obtain liability insurance for injuries or damages arising out of its work and to hold Crown harmless therefor. Sexton already had a policy with defendant Providence, and added plaintiffs Crown and Charter as additional insureds. Jeff Melton, while working for Sexton, fell off a utility pole and was injured.  Melton filed suit against Crown and Charter in the state circuit court in Franklin County, Alabama, whereupon Crown and Charter filed a third-party claim against Sexton under the indemnity agreement. Crown and Charter also made a demand on Providence to provide a defense and indemnity concerning Melton's claims, which Providence failed to satisfy.  Crown and Charter now bring claims, in this federal lawsuit, against Providence for breach of contract, bad faith, fraud, and negligence/wantonness. The plaintiffs

also seek herein a declaratory judgment concerning Providence's duty to defend and hold harmless.

Providence maintains that, for the convenience of the parties and non-party witnesses and in the interests of justice, this case should be transferred to the United Stated States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The defendant points out that Sexton Construction Company is located in Chatsworth, Georgia; Crown is a Georgia corporation with its principal place of business and operations in Norcross, Georgia; Charter is a Delaware corporation with its principal place of business in St. Louis, Missouri; Larry Brock is a resident of Georgia; the Larry Brock Insurance Agency is located in Dalton, Georgia; and that the defendant Providence is a Rhode Island corporation. Providence further states that the contract in question was negotiated and executed in Georgia, that none of the parties to this action and none of the potential non-party witnesses relevant to the coverage dispute reside in or are located in Alabama, and that the documents relating to this action are located in Georgia. Providence further argues that the court must consider access to sources of proof, the ability to compel the attendance of unwilling witnesses, and the costs of securing the testimony of willing witnesses. Additionally, pursuant to the contract, Georgia law governs.

The plaintiffs oppose transfer. They state that the corporate representatives of Crown and Charter are in Alabama, and that most of the documents relating to this action are in Alabama and in fact were attached to the complaint and the motion to transfer. Also, the

Melton lawsuit is in Alabama, the third-party complaint against Sexton is a part of the Sexton action, and the witnesses to the facts of the accident are from Alabama. The plaintiffs state:

> In the underlying case, multiple depositions were taken of fact witnesses. While efforts are being made between the parties to admit those depositions as discovery in this case, some of the witnesses may have to be redeposed. Additionally, the trial of the case will involve testimony from these witnesses. . . . While not all the witnesses will be required to testify in the declaratory action, the factual issues that are present in the declaratory action will require the testimony of many of these witnesses.
>
> Additionally, one very important witness is Gregory Brockwell, the attorney representing Sexton in the action pending in Franklin County. He wrote a letter on behalf of Providence Washington . . . addressing the "primary/excess" issue. While Providence Washington through Mr. Brockwell agreed that Crown and Charter were additional insureds, he disputed that the Providence Washington policy was primary. Obviously, his testimony will be required at trial if not by deposition. He is an attorney practicing in Birmingham.

The plaintiffs further state:

> The insured contract out of which Providence's coverage obligations are owed to Sexton and Crown was entered into specifically for work to be performed in Russellville, Alabama, and the relationship between Sexton and Crown commenced in Russellville, Alabama.

The plaintiffs urge the court to deny the motion to transfer based on the substantial factual connection between this lawsuit and the State of Alabama, the deference owed to Plaintiff's selection of forum, and the fact that Providence cannot present any significant practical reason why the plaintiff's choice forum should be overridden in favor of a transfer of this lawsuit to Georgia. Finally, the plaintiffs argue that Providence's choice of law argument is faulty because in addition to their breach of contract claim, they have raised claims of bad faith, fraud, and negligence or wantonness, to which Alabama law should apply.

It seems to the court that this case involves solely the question of whether a contract of insurance, entered into in the state of Georgia, by Georgia residents, and which is to be decided according to Georgia law, covers the Sexton accident, based upon the allegations in the Sexton complaint. It further seems that the evidence pertaining to such an adjudication will be limited, as the issues appears to be largely issues of law, and that whatever evidence might be required will not involve litigation of the details of the accident or a determination of the ultimate liability or non-liability of Sexton in the accident.

After due consideration, the court is of the opinion that the state of Georgia is the more convenient and correct forum. Wherefore, the motion to transfer is due to be granted. An appropriate order will be entered.

DONE this day 25th of January, 2005.

_____
ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE